# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ASHLEY BRYANNE ROCKWELL,<br><br>    Defendant. | Case No. CR-24-110-RAW |

## **ORDER**

Before the court is the Defendant's motion to dismiss the Indictment as vague and indefinite pursuant to Federal Rule of Criminal Procedure 7(c) [Docket No. 22] as well as the Government's response [Docket No. 25]. The Indictment in this case charges that:

> On or about August 18, 2023, in the Eastern District of Oklahoma, in a matter within the jurisdiction of the United States Marshal Service, an agency of the executive branch of the United States Government, the defendant, ASHLEY BRYANNE ROCKWELL, did knowingly and willfully make a false, fictitious, and fraudulent statement and representation to a Deputy United States Marshal as to a material fact, in that the Defendant represented she had not left the State of Oklahoma with R.M., when in truth and in fact, and as the Defendant then and there well knew, she had left the state of Oklahoma with R.M., in violation of Title 18, United States Code, Section 1001.

The Defendant argues that the Indictment is vague and indefinite because it fails to: (1) include a definite time or date range for when she left the State of Oklahoma with R.M., and (2) identify the matter being investigated.

"Where a defendant challenges the sufficiency of an indictment for failure to state an offense, a court generally is bound by the factual allegations contained within the four corners of the indictment." *United States v. Welch*, 327 F.3d 1081, 1090 (10th Cir. 2003) (citation omitted), *abrogated on other grounds by United States v. McBride*, 94 F.4th 1036 (10th Cir. 2024). The Indictment is to "be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true." *Id*. (citation omitted).

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense." *United States v. Washington*, 653 F.3d 1251, 1259 (10th Cir. 2011) (citation omitted). "The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *Id*. (citation omitted).

Additionally, "[o]n a motion to dismiss an indictment, the question is not whether the government has presented sufficient evidence to support the charge, but solely whether the allegations in the indictment, if true, are sufficient to establish a violation of the charged offense." *United States v. Todd*, 446 F.3d 1062, 1068 (10th Cir. 2006). When an indictment quotes the language of the statute and includes the date, place, and nature of the illegal activity, it "need not go further and allege 'in detail the factual proof that will be relied upon to support the charges.'" *United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).

The elements of the offense charged in this case are: "(1) the defendant made a statement; (2) the statement was false, fictitious, or fraudulent as the defendant knew; (3) the statement was made knowingly and willfully; (4) the statement was within the jurisdiction of the federal

agency; and (5) the statement was material." *United States v. Williams*, 934 F.3d 1122, 1128 (10th Cir. 2019) (citation omitted).

The Indictment in this case sets forth the elements of the offense charged, puts the Defendant on fair notice of the charges against which she must defend, and enables her to assert a double jeopardy defense. It tracks the language of the statute and includes the date, place, and nature of the illegal activity. The date or dates the Defendant allegedly left the State of Oklahoma with R.M. and the matter or matters being investigated by the United States Marshal Service are not required to be included in the Indictment, but instead are factual proof that will be relied upon to support the charge.

Accordingly, the Defendant's motion to dismiss the Indictment [Docket No. 22] is hereby DENIED.

**IT IS SO ORDERED** this 13th day of September, 2024.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**